# EXHIBIT A

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State, Bar number, and address):<br>Galipo, Dale K<br>21800 Burbank Blvd, #310<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 818-347-3333   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): LETICIA BARRON, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO MAURICIO BARRON, DECEASED | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**04/14/2017 at 11:19:00 AM**<br><br>Clerk of the Superior Court<br>By Emma Castle, Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | |
| PLAINTIFF/PETITIONER: LETICIA BARRON, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO MAURICIO BARRON, DECEASED | CASE NUMBER:<br>**30-2017-00911997-CU-CR-CJC** |
| DEFENDANT/RESPONDENT: STATE OF CALIFORNIA | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**LETICIA BARRON v. STATE OF CA** |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of (specify documents):
   **COMPLAINT FOR DAMAGES; CIVIL CASE COVER SHEET; DECLARATION OF LETICIA BARRON, SUCCESSOR IN INTEREST TO MAURICIO BARRON (C.C.P. SECTION 377.32)**

   BY FAX

3. a. Party served (specify name of party as shown on documents served):
   **STATE OF CALIFORNIA**

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) (specify name and relationship to the party named in item 3a):
   **S. Figueroa Clerk, ATTORNEY GENERAL CLERK, PERSON AUTHORIZED TO ACCEPT, who accepted service, with identity confirmed by verbal communication, an Hispanic female approx. 25-35 years of age, 5'4"-5'6" tall, weighing 140-160 lbs with brown hair.**

4. Address where the party was served:
   **OFFICE OF THE ATTORNEY GENERAL, 300 S SPRING ST, LOS ANGELES, CA 90013**

5. I served the party (check proper box)
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): **04/07/2017** at (time): **1:57 PM**

   b. [ ] **by substituted service.** On (date):        at (time):        I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on (date):        from (city):        or [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2
Form Adopted for Mandatory Use
Judicial Council of California POS-
010 [Rev. January 1, 2007]     **PROOF OF SERVICE OF SUMMONS**     Code of Civil Procedure, § 417.10
Tracking #: 0016422097
REF: LETICIA BARRON v. STATE OF CA

| PLAINTIFF/PETITIONER: LETICIA BARRON, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO MAURICIO BARRON, DECEASED | CASE NUMBER: 30-2017-00911997-CU-CR-CJC |
|---|---|
| DEFENDANT/RESPONDENT: STATE OF CALIFORNIA | |

    c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

        (1) on *(date):*                              (2) from *(city):*

        (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

        (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

    d. ☐ **by other means** *(specify means of service and authorizing code section):*

        ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☒ On behalf of *(specify)* **STATE OF CALIFORNIA**

        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

    a. Name:                     **Mario Lopez**
    b. Address:                **316 W 2nd St., 3rd Floor, Los Angeles, CA 90012**
    c. Telephone number:     **213-621-9999**
    d. The fee for service was: **$ 64.50**
    e. I am:

        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒ registered California process server:

            (i) ☐ owner ☐ employee ☒ independent contractor.   For:   **ABC Legal Services, Inc.**
            (ii) ☒ Registration No.: **5986**                       Registration #: **6779**
            (iii) ☒ County:        **Los Angeles**                County:     **Los Angeles**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 4/10/17

    **Mario Lopez**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                         (SIGNATURE)

BY FAX

POS-010 [Rev. January 1, 2007]                                                                         Page 2 of 2
                                **PROOF OF SERVICE OF SUMMONS**                          Tracking #: **0016422097**
REF: **LETICIA BARRON v. STATE OF CA**

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

*Attorneys for Plaintiff*

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

03/30/2017 at 11:33:25 AM
Clerk of the Superior Court
By Jeanette Torres-Mendoza, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

LETICIA BARRON, individually and as successor in interest to Mauricio Barron, deceased,

Plaintiff,

vs.

STATE OF CALIFORNIA and DOES 1-10, inclusive,

Defendants.

Case No. 30-2017-00911997-CU-CR-CJC

Judge Frederick P. Horn

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure— Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure— Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure— Denial of Medical Care (42 U.S.C. § 1983)
4. Substantive Due Process, Interference with Familial Relations—(42 U.S.C. § 1983)
5. False Arrest/ False Imprisonment
6. Battery (Wrongful Death)
7. Negligence (Wrongful Death)
8. Violation of Cal. Civ. Code §52.1 (Bane Act)

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COMES NOW LETICIA BARRON, for her Complaint against Defendants STATE OF CALIFORNIA and DOES 1-10, inclusive, and alleges as follows:

-1-

COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution, Constitution of the State of California, and California State Law in connection with the fatal California Highway Patrol officer-involved shooting of the decedent, Mauricio Barron, on October 10, 2016.

## PARTIES

2. At all relevant times, decedent Mauricio Barron ("DECEDENT") was an individual residing in the county of Riverside, California.

3. Plaintiff LETICIA BARRON ("BARRON") is an individual residing in the county of San Diego, California and was the natural mother of DECEDENT. BARRON sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT based on her financial dependency on DECEDENT pursuant to California Code of Civil Procedure § 377.60(b). BARRON seeks both survival and wrongful death damages under federal and state law.

4. Defendant STATE OF CALIFORNIA (hereinafter "STATE") is and was at all relevant times mentioned herein a public entity duly organized under the laws of the State of California.

5. At all relevant times, Defendants and DOES 1-5 ("DOE OFFICERS") were officers who were duly authorized employees of the California Highway Patrol ("CHP") acting under color of law within the course and scope of their respective duties with the complete authority and ratification of their supervisors, DOES 6-10.

6. At all relevant times, Defendants DOES 6-10 were the designated policymakers for the CHP and/or supervisors of Defendants DOES 1-5. Along with other officials, at all relevant times DOES 6-10 were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the CHP, possessed the power and the authority to enact policies and to prescribe rules and practices concerning the operation of the CHP, and/or supervisors of the Defendant officers.

7. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of supervisory Defendants DOES 6-10.

8. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the CHP and the State of California.

9. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

10. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

11. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

12. All Defendants who are natural persons, including DOES 1 through 10, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the CHP.

13. On information and belief, at all relevant times, Defendants DOES 1-10 were residents of the county of Orange, California.

14. Mauricio Barron ("DECEDENT") died as a direct and proximate result of the actions of Defendants DOE OFFICERS. Defendants DOE OFFICERS are directly liable for Plaintiff's and DECEDENT's injuries under federal law pursuant to 42 U.S.C. § 1983.

15. Defendant STATE and DOES 6-10 are liable for DECEDENT'S and Plaintiff's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2, 820, and 820.8.

16. On December 9, 2016, Plaintiff filed a comprehensive and timely claim for damages with the State of California pursuant to applicable sections of the California Government Code. Having received no written rejection, the claim has been deemed rejected by operation of law.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over the present matter because, as delineated within this Complaint, the nature of the claims and the amount in controversy meet the requirements for jurisdiction in the Superior Court of the State of California.

18. Venue is proper in this Court under Section 395(a) of the California Code of Civil Procedure because all incidents, events, and occurrences giving rise to this action occurred in the County of Orange, California, and because Defendants reside in the county of Orange, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

19. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20. On October 10, 2016, on the I-5 Freeway in Irvine, California, at approximately 6:55 p.m. on that date, an officer working for the CHP, under color of law and in the course and scope of his employment, wrongfully shot and killed 27-year-old DECEDENT. Each of DOE OFFICERS integrally participated or failed to intervene in the shooting, and each of DOE OFFICERS was acting under color of law and in the course and scope of his or her employment. At all relevant times, DECEDENT was unarmed, and he did not pose a risk of death or serious bodily injury to any person. At the time of the shooting, DECEDENT had just been struck by a car on the I-5 Freeway near the 133 toll road and was suffering from mental health issues.

Plaintiff BARRON had notified law enforcement about two days prior to this incident that the decedent had recently been acting unstable and needed mental health assistance.

21. Upon information and belief, after being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

22. DECEDENT sustained injuries, including but not limited to pain and suffering, loss of enjoyment of life, and death when he was shot by DOE OFFICERS.

### FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS)

23. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24. When individual defendants DOE OFFICERS shot DECEDENT, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to the DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

25. As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

26. Defendants DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

27. The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

28. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

29. Plaintiff also seeks attorney fees under this claim.

## SECOND CAUSE OF ACTION

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS)

30. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31. DOE OFFICERS' unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32. As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.

33. The shooting was excessive and unreasonable, especially because DECEDENT did not have a gun and had not threatened to cause physical injury to DOE OFFICERS or any other person.

34. DOE OFFICERS' shooting and use of force violated their training.

35. The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to individual Defendants DOE OFFICERS.

36. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

37. Plaintiff also seeks attorney fees under this claim.

## THIRD CAUSE OF ACTION

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS, in each case in his/her individual capacity)

38. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

39. The denial of medical care by individual Defendants DOE OFFICERS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40. As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity.

41. Individual Defendants DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

42. The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

43. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

44. Plaintiff also seeks attorney fees under this claim.

## FOURTH CAUSE OF ACTION

**Substantive Due Process (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS, in each case in his/her individual capacity)

45. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46. BARRON had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

47. DECEDENT also had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

48. The aforementioned actions of DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

49. DOE OFFICERS thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with DECEDENT.

50. As a direct and proximate cause of the acts of DOE OFFICERS, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

51. The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

52. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

53. Plaintiff also seeks attorney fees under this claim.

## FIFTH CAUSE OF ACTION

### False Arrest/False Imprisonment

(Against Defendants DOE OFFICERS and STATE)

54. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

55. Defendants DOE OFFICERS, while working as officers for the CHP, and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement for an appreciable amount of time by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested the DECEDENT without probable cause.

56. DECEDENT did not knowingly or voluntarily consent.

57. The conduct of DOE OFFICERS was a substantial factor in causing the harm to DECEDENT.

58. The STATE is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

59. The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

60. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

61. Plaintiff also seeks attorney fees under this claim.

## SIXTH CAUSE OF ACTION

### Battery

(Wrongful Death)

(Against Defendants DOE OFFICERS and STATE)

-9-

62. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

63. DOE OFFICERS, while working as officers for the CHP, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times. As a result of the actions of DOE OFFICERS, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and also lost his earning capacity. DOE OFFICERS had no legal justification for using force against DECEDENT, and said Defendants' use of force while carrying out their CHP officer duties was an unreasonable use of force.

64. As a direct and proximate result of the conduct of DOE OFFICERS as alleged above, Plaintiff and DECEDENT suffered extreme and severe mental anguish and pain and have been injured in mind and body.

65. The STATE is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

66. The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as a successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants DOE OFFICERS and STATE.

67. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

68. Plaintiff also seeks attorney fees under this claim.

## SEVENTH CAUSE OF ACTION

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(Against all Defendants)

69. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d) the failure to provide prompt medical care to DECEDENT;

(e) the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

(f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

71. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost his earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

-11-

72. The STATE is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

73. The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to individual Defendants DOE OFFICERS.

74. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

75. Plaintiff also seeks attorney fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### Violation of Cal. Civ. Code §52.1 (Bane Act)

(Against Defendants DOE OFFICERS and STATE)

76. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77. The California Civil Code, Section 52.1(b) authorizes a private right of action for damages to any person whose constitutional rights are violated. Moreover, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal. App. 4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

78. DOE OFFICERS violated DECEDENT's Fourth Amendment rights to be free from unreasonable seizures when they detained him and used deadly force against him without any warning and by firing at him and killing him. At the time of the shots, DECEDENT was not threatening or attempting to harm anyone.

79. DECEDENT was caused to suffer severe pain and suffering and ultimately died for which he, by Plaintiff BARRON, as his successor in interest, is entitled to recover survival damages.

80. The conduct of Defendants DOE OFFICERS was a substantial factor in causing the harm, losses, injuries, and damages of DECEDENT.

81. STATE is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

82. The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

83. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

84. Plaintiff also seeks attorney fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants the State of California, and Does 1-10, inclusive, as follows:

    A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

    B.    For funeral and burial expenses, and loss of financial support;

    C.    For punitive damages against the individual defendants in an amount to be proven at trial;

    D.    For interest;

    E.    For reasonable costs of this suit and attorneys' fees; and

    F.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: March 30, 2017        LAW OFFICES OF DALE K. GALIPO

                                    s/ Renee V. Masongsong
                                    Dale K. Galipo
                                    Renee V. Masongsong
                                    Attorneys for Plaintiff LETICIA BARRON

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: March 30, 2017    LAW OFFICES OF DALE K. GALIPO

                                            s/ Renee V. Masongsong
                            Dale K. Galipo
                            Renee V. Masongsong
                            Attorneys for Plaintiff LETICIA BARRON